PAULA T. DOW
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ 08625-0112
Attorney for Defendants,
     New Jersey Board of Bar Examiners (improperly pled as "New Jersey
     Superior Court Board of Bar Examiners")
     Karin McBride

By:   Luanh L. D'Mello
     Deputy Attorney General
     (609) 777-3735

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
VICINAGE OF TRENTON

| | |
|---|---|
| KAREN ALI, | Hon. Freda L. Wolfson, U.S.D.J. |
| Plaintiff, | |
| v. | Civil Action No. 11-3187(FLW-LHG) |
| NEW JERSEY BOARD OF BAR EXAMINERS (IMPROPERLY PLED AS: "NEW JERSEY SUPERIOR COURT BOARD OF BAR EXAMINERS"), et al., | |
| Defendants. | |

BRIEF IN SUPPORT OF MOTION TO
DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO R. 4:6-2(E)

PAULA T. DOW
ATTORNEY GENERAL OF NEW JERSEY
Attorney for Plaintiff
R.J. Hughes Justice Complex
PO BOX 112
Trenton, New Jersey  08625
(609) 777-3735

Luanh L. D'Mello
Deputy Attorney General
On the Brief

# TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . 3

LEGAL ARGUMENT

      POINT I

      PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE
      TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED,
      PURSUANT TO <u>FED. R. CIV. P</u>. 12(B)(6) . . . . . . . . . . . 6

      POINT II

      PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK
      OF SUBJECT-MATTER JURISDICTION, PURSUANT TO <u>FED. R.
      CIV. P</u>. 12(B)(1) . . . . . . . . . . . . . . . . . . . . 8

      POINT III

      PLAINTIFF'S CLAIMS BASED IN FEDERAL LAW SHOULD BE
      DISMISSED BECAUSE THE STATE JUDICIAL DEFENDANTS ARE
      ENTITLED TO ELEVENTH AMENDMENT IMMUNITY . . . . . . . . 9

      POINT IV

      PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED
      IN THE ABSENCE OF A BASIS FOR SUPPLEMENTAL
      JURISDICTION . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 16

-i-

## TABLE OF AUTHORITIES

### CASES

Anspach v. City of Philadelphia,
  503 F.3d 256, 260 (3d Cir. 2007)  . . . . . . . . . . . . . 6

Ashcroft v. Iqbal,
  129 S. Ct. 1937, 1949 (2009)  . . . . . . . . . . . . . . . 6

Board of Trustees of University of Alabama v. Garrett,
  531 U.S. 356 (2001) . . . . . . . . . . . . . . . . . . 9-11

Borough of West Mifflin v. Lancaster,
  45 F.3d 780(3d Cir. 1995) . . . . . . . . . . . . . . . . 15

Camero v. Kostos,
  253 F. Supp. 331(D.N.J. 1966) . . . . . . . . . . . . . . . 7

Campbell v. City of San Antonio,
  43 F.3d 973(5th Cir. 1995)  . . . . . . . . . . . . . . . . 7

Cardio-Med. Assoc., Ltd. v. Crozer-Chester Med. Ctr.,
  721 F.2d 68(3d Cir. 1983) . . . . . . . . . . . . . . . . . 8

Douris v. Schweiker,
  229 F. Supp. 2d 391(2002) . . . . . . . . . . . . . . . . 13

EEOC v. AIC Sec. Investigations, Ltd.,
  55 F.3d 1276, 1280 n.4 (7th Cir. 1995)  . . . . . . . . . 12

Fitzpatrick v. Bitzer,
  427 U.S. 445 (1976) . . . . . . . . . . . . . . . . . . . . 9

Flight Sys., Inc. v. Elec. Data Sys.,
  112 F.3d 124 (3d Cir. 1997) . . . . . . . . . . . . . . . . 7

Florida Prepaid Postsecondary Educ. Expense Bd. v.
College Sav. Bank,
  527 U.S. 627, 640 (1999) . . . . . . . . . . . . . . . . . 10

Fullman v. Philadelphia Int'l Airport,
  49 F. Supp. 2d 434(E.D. Pa. 1999) . . . . . . . . . . . . 13

Hedges v. Musco,
  204 F.3d 109(3d Cir. 2000)  . . . . . . . . . . . . . . . 15

Hunter v. Supreme Court,
    951 F. Supp. 1161, 1177 (D.N.J. 1996) . . . . . . . . . . .  12

In re Burlington Coat Factory Sec. Litig,
    114 F.3d 1410 (3d Cir. 1997) . . . . . . . . . . . . . . . . 7

Iwanowa v. Ford Motor Co.,
    67 F. Supp. 2d 424 (D.N.J. 1999) . . . . . . . . . . . . . . 8

Johnson v. N.J.,
    869 F. Supp. 289 (D.N.J. 1994) . . . . . . . . . . . . . .  12

Kimel v. Florida Bd. Of Regents,
    528 U.S. 62 (2000) . . . . . . . . . . . . . . . . . . . . . 9

Lum v. Bank of Am.,
    361 F.3d 217 n.3 (3d Cir. 2004) . . . . . . . . . . . . . . 7

McInerney v. Moyer Lumber & Hardware, Inc.,
    244 F. Supp. 2d 393 (E.D. Pa. 2002) . . . . . . . . . . .  12

Morse v. Lower Merion School Dist.,
    132 F.3d 902 (3d Cir. 1997) . . . . . . . . . . . . . . . . 6

Oran v. Stafford,
    34 F. Supp. 2d 906 (D.N.J. 1999) . . . . . . . . . . . . . 6

Koslow v. Commonwealth of Pennsylvania,
    302 F.3d 161 (3d Cir. 2002) . . . . . . . . . . . . . . .  12

**STATUTES**

28 U.S.C. § 1367(a) . . . . . . . . . . . . . . . . . . . . .  15

28 U.S.C. § 1367(c)(3) . . . . . . . . . . . . . . . . . . .  15

42 U.S.C. § 12101(a)(2) . . . . . . . . . . . . . . . . . . .  11

42 U.S.C. § 12111(2) . . . . . . . . . . . . . . . . . . . . . 9

42 U.S.C. § 12111(5)(A) . . . . . . . . . . . . . . . . . . 9, 13

42 U.S.C. § 12112(a) . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 2601 . . . . . . . . . . . . . . . . . . . . . . . 1

N.J.S.A. 10:5-4 . . . . . . . . . . . . . . . . . . . . . . .  14

**RULES**

<u>N.J. Ct. R</u>. 1:23-2  . . . . . . . . . . . . . . . . . . . . . . 11

<u>N.J. Ct. R</u>. 1:23-4  . . . . . . . . . . . . . . . . . . . . . . 11

## PRELIMINARY STATEMENT

Plaintiff Karen Ali contends that, after suffering a work-related back injury while an employee of the New Jersey Board of Bar Examiners in July of 2008, she was subjected to gradually escalating hostile and disparate treatment by her then-supervisor, Karin McBride, for her use of leave under the Family Medical Leave Act ("FMLA") 28 U.S.C. § 2601. Thereafter, following her voluntary resignation from employment with the New Jersey Board of Bar Examiners, Plaintiff filed the instant two-count Complaint alleging disability discrimination under both Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a), and the New Jersey Law Against Discrimination ("NJLAD"), N.J. STAT. ANN. § 10:5-4. Defendants include the New Jersey Board of Bar Examiners (improperly pled as "New Jersey Superior Court Board of Bar Examiners")("the Board"), and Karin McBride ("McBride"), collectively referred to as the "State Judiciary Defendants".

The State Judiciary Defendants now move to dismiss Plaintiff's Complaint, due both to its failure to state a claim upon which relief can be granted and the absence of subject-matter jurisdiction. As to Plaintiff's federal claims relying on Title I of the ADA, as an administrative arm of the Supreme Court of New Jersey, the Board is entitled to Eleventh Amendment immunity. Additionally, with respect to Plaintiff's Title I claims against McBride, and consistent with the decisions of other district courts

-1-

within the Third Circuit, the State Judiciary Defendants would urge this Court to find that there is no individual liability under Title I of the ADA.   By its very terms, as well as recent amendments, only the employer is referred to as a liable party. Finally, in the absence of any basis for this Court to exercise original jurisdiction, Plaintiff's state law claim under the NJLAD should be dismissed for lack of supplemental subject-matter jurisdiction.

Therefore, due to Plaintiff's failure to allege both a viable legal claim for relief or a proper basis for federal subject-matter jurisdiction, this Complaint should be dismissed with prejudice.

## STATEMENT OF FACTS

Plaintiff was hired as a Judiciary Clerk 2 by the New Jersey Board of Bar Examiners on March 28, 1988. (Certification of Luanh L. D'Mello ("D'Mello Certif."), Exhibit A). On or about July 14, 2008, Plaintiff alleges to have suffered a work-related injury to her back that has resulted in a permanent diagnosis of cervical spondylosis, chronic post traumatic cervical and dorsal spine strain and sprain. (Complaint, ¶¶ 11, 12). As a result, Plaintiff contends she was limited to picking up and carrying items up to five pounds, and is unable to sit in one position for prolonged periods of time. (Complaint, ¶ 13). Plaintiff alleges that this limitation caused hostility and disparate treatment from her supervisor, Defendant Karin McBride. (Complaint, ¶ 14).

Specifically, Plaintiff avers that on January 29, 2009, Defendant McBride instructed Plaintiff to remain at her desk to meet her daily quota of processing micro-films. (Complaint, ¶ 15). When Defendant was advised that Plaintiff could not sit for extended periods of time, Defendant requested a doctor's note confirming this limitation. (Complaint, ¶ 15). After the provision of such a note, made that same day, Plaintiff contends the hostility against her became worse. (Complaint, ¶¶ 16, 17). It was at this point, Plaintiff alleges, that she began documenting these transgressions. (Complaint, ¶ 18).

On March 17, 2009, Laura Brooks sent Plaintiff an email,

advising that Plaintiff was required to provide notice of her absence from the office before 9:00 a.m., regardless of her use of time under the Family Medical Leave Act. (Complaint, ¶ 19). Plaintiff alleges that this was not required of other employees in the office. (Complaint, ¶ 20). Thereafter, on April 2, 2009, Plaintiff contends she contacted Defendant McBride before 9:00 a.m. to inform her that she would be using a half day of FMLA sick leave. (Complaint, ¶ 21). Plaintiff alleges that McBride became angry and incorrectly stated that Plaintiff had exhausted her FMLA sick leave. (Complaint, ¶ 22). Plaintiff avers that, when she explained to McBride that this was not the case, McBride hung up on Plaintiff. (Complaint, ¶ 23).

On April 15, 2009, Plaintiff alleges that she became aware of another employee that was assigned a lower work load than another employee. (Complaint, ¶ 24). Plaintiff contends that when this employee, identified in the Complaint as "Ervin," was unable to complete his work, Plaintiff was assigned to assist him as punishment for her use of her FMLA leave. (Complaint, ¶ 25). Additionally, on July 7, 2009, when Plaintiff accepted a personal phone call, she was instructed by McBride to get off the phone, although other employees were allowed to take such calls. (Complaint, ¶ 27). Plaintiff goes on to contend that she was repeatedly denied use of FMLA leave time and instead charged sick leave for her absences. (Complaint, ¶ 26).

-4-

Disciplinary proceedings were initiated against Plaintiff on February 9, 2010. (D'Mello Certif., Exhibit B, p. 1). This resulted in a settlement by which required Plaintiff agreed to serve a fifteen-day suspension without pay from April 5, 2010 to April 23, 2010. (Id. at pp. 6-10; Complaint, ¶ 29). Prior to the commencement of this suspension, on March 9, 2010, an additional disciplinary action was lodged against Plaintiff seeking a thirty-day suspension without pay based on Plaintiff's conduct that occurred after the events giving rise to the February 9, 2010 disciplinary action. (D'Mello Certif., Exhibit C). A separate disciplinary action seeking her removal from employment was filed seeking her removal from employment on March 11, 2010, (D'Mello Certif., Exhibit D), and amended on April 9, 2010.[1]  (D'Mello Certif., Exhibit E). Thereafter, by way of letter dated April 12, 2010, Plaintiff voluntarily resigned with an effective date of April 23, 2010. (D'Mello Certif., Exhibit F).

---

[1]

Plaintiff suggests she was only notified of the March 9, 2010 disciplinary action and March 11, 2010 removal action while she was serving her fifteen-day suspension for the February 2, 2010 disciplinary action. (Complaint, ¶ 30). However, Plaintiff's suspension did not commence until April 5, 2010. (Id. at pp. 6-10; Complaint, ¶ 29).

## LEGAL ARGUMENT

### POINT I

**PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN
BE GRANTED, PURSUANT TO <u>FED. R. CIV. P.</u>
12(B)(6)**

Plaintiff's Complaint should be dismissed, pursuant to
<u>Fed. R. Civ. P.</u> 12(b)(6), for failure to state a claim upon which
relief may be granted.   On a motion to dismiss in lieu of an
Answer, the court must accept the plaintiff's pled factual
allegations as being true. However, this tenet is "inapplicable to
legal conclusions. <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949
(2009). <u>See also</u> <u>Anspach v. City of Philadelphia</u>, 503 F.3d 256,
260 (3d Cir. 2007)(quoting <u>Morse v. Lower Merion School Dist.</u>, 132
F.3d 902, 906 (3d Cir. 1997)(conclusory allegations or legal
conclusions masquerading as factual conclusions will not suffice to
prevent a motion to dismiss)).

Indeed, "only a complaint that states a plausible claim
for relief survives a motion to dismiss." <u>Iqbal</u>, 129 S. Ct. at
1950.   Where the claims asserted are fatally defective and the
plaintiff cannot plead any facts to support his claims, it is
appropriate for the court to dismiss a complaint without permitting
the plaintiff to make a curative amendment of his pleading. <u>Oran
v. Stafford</u>, 34 F. Supp. 2d 906, 913-14 (D.N.J. 1999), aff'd, 226

-6-

F.3d 275 (3d Cir. 2000).   Thus, dismissal for failure to state a claim is justified where the asserted claim lacks a required element, Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995), or where there is an "insuperable barrier" to a claim such as an immunity, res judicata, collateral estoppel or the entire controversy doctrine.   See Flight Sys., Inc. v. Elec. Data Sys., 112 F.3d 124, 127-28 (3d Cir. 1997); Camero v. Kostos, 253 F. Supp. 331, 338 (D.N.J. 1966).

Finally, when evaluating motions to dismiss, "courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum v. Bank of Am., 361 F.3d 217, 222 n.3 (3d Cir. 2004).   A document is found to form the basis of a claim where it is "integral to or explicitly relied upon in the complaint." In re Burlington Coat Factory Sec. Litig, 114 F.3d 1410, 1426 (3d Cir. 1997).   "The purpose of this rule is to avoid the situation where a plaintiff with a legally deficient claim that is based on a particular document can avoid dismissal of that claim by failing to attach the relied upon document." Lum, 361 F.3d at 222 n.3.

In the instant case, a review of the Complaint reveals no legal theory upon which Plaintiff can prevail against the State Judicial Defendants before this Court.   Consequently, Plaintiff's Complaint should be dismissed with prejudice.

## POINT II

**PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR
LACK OF SUBJECT-MATTER JURISDICTION, PURSUANT
TO FED. R. CIV. P. 12(B)(1)**

Additionally, Plaintiff's Complaint should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject-matter jurisdiction.   Such a motion may be made at any time.   However where, as here, there is a facial challenge to the subject-matter jurisdiction alleged in a complaint, a reviewing court assumes that the allegations contained therein are true, and may dismiss the complaint only where it appears with certainty that the plaintiff will not be able to assert a colorable claim even if given the opportunity to amend the complaint.   See Cardio-Med. Assoc., Ltd. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 75 (3d Cir. 1983); Iwanowa v. Ford Motor Co., 67 F. Supp. 2d 424, 437-38 (D.N.J. 1999).

In the instant case, accepting all of the allegations contained therein as true, a review of the Complaint reveals no current or potential factual or legal basis for subject-matter jurisdiction.   Therefore, Plaintiff's Complaint should be dismissed with prejudice as to the State Judicial Defendants.

-8-

### POINT III

**PLAINTIFF'S CLAIMS BASED IN FEDERAL LAW SHOULD BE DISMISSED BECAUSE THE STATE JUDICIAL DEFENDANTS ARE ENTITLED TO ELEVENTH AMENDMENT IMMUNITY**

Count One of Plaintiff's Complaint should be dismissed as the State Judiciary Defendants are not subject to suit under Title I of the ADA. Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 370 (2001). The Constitution bars federal jurisdiction over lawsuits brought by individuals against a state unless the state has consented to such jurisdiction, or Congress abrogates the states' immunity. See Kimel v. Florida Bd. Of Regents, 528 U.S. 62 (2000); College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd., 527 U.S. 666, 669 (1999); Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976). This abrogation power emanates from the Fourteenth Amendment, § 1 of which provides the following:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the law.

[Id.]

From there, Congress's grant of power lies in Section 5 of the Fourteenth Amendment, which provides the following: "The Congress shall have power to enforce, by appropriate legislation, the provisions of this article." Id. Such legislation is responsive

-9-

only, and must be in response to a pattern of unconstitutional State conduct. Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank, 527 U.S. 627, 640 (1999). Judicial scrutiny of the evocation of this enforcement provision is guided by the constitutional guarantees created by the Fourteenth Amendment, as defined by the United States Supreme Court, and turns on whether the legislation exhibits "congruence and proportionality between the injury to be prevented and the means adopted to that end." Garrett, 531 U.S. at 365 (citations omitted).

In Garrett, the Supreme Court found that the ADA was without any finding of a pattern of irrational state discrimination, save a general statement that "historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem." Id. at 369 (citing 42 U.S.C. § 12101(a)(2)). Moreover, the Supreme Court expressed concern with the congruence and proportionality of the Act, as it would require significant affirmative conduct on the part of employers to come into compliance. Id. at 372. The Supreme Court found that Title I of the ADA did not constitute a valid exercise of Congress's authority under Section 5 of the Fourteenth Amendment, and therefore did not constitute a valid abrogation of the states' Eleventh Amendment sovereign immunity. Id. at 374.

-10-

Here, Plaintiff names the New Jersey Board of Bar Examiners as a Defendant in this matter. The Board is tasked with "prepar[ing] and conduct[ing] examinations for applicants for admission as attorneys, prescribe rules, forms and procedures relating thereto and state the topics upon which applicants will be examined." N.J. Ct. R. 1:23-2. The Board is funded both by the fees paid by candidates for admission to the bar as well as the Administrative Office of the Courts. N.J. Ct. R. 1:23-4. As such, the Board is truly an extension of the New Jersey Supreme Court and, in turn, the Administrative Office of the Courts, both of which have previously been found entitled to Eleventh Amendment immunity as an arm of the State of New Jersey. Johnson v. State of New Jersey, 869 F. Supp. 289, 298 (D.N.J. 1994)(holding that Eleventh Amendment immunity applies to the Administrative Office of the Courts); Hunter v. Supreme Court of New Jersey, 951 F. Supp. 1161, 1177 (D.N.J. 1996), aff'd, 118 F.3d 1575 (1997)(holding that Eleventh Amendment immunity applies to the New Jersey Supreme Court). Therefore, the Judiciary Defendants would submit that the Board, as an office administered by the Supreme Court and funded, at least in part, by the Administrative Office of the Courts, should too enjoy the benefits of this cloak. For this reason, Eleventh Amendment immunity should attach, and Count One of Plaintiff's Complaint against the New Jersey Board of Bar Examiners should be dismissed.

With respect to Plaintiff's claims under Title I against Defendant McBride, dismissal is here too appropriate. In dicta, the Third Circuit has observed that "there appears to be no individual liability for damages under Title I of the ADA." Koslow v. Commonwealth of Pennsylvania, 302 F.3d 161, 178 (3d Cir. 2002). The Third Circuit cited approvingly to the Seventh Circuit opinion of EEOC v. AIC Sec. Investigations, Ltd., 55 F.3d 1276, 1280 n.4 (7th Cir. 1995), in which the Seventh Circuit found that the "and any agent" language contained in the ADA's definition of "employer," 42 U.S.C. § 12111(5)(A), imposes respondeat superior liability upon employers for the acts of their agents, but does not create individual liability against those same agents. Id. at 1281. This conclusion was buttressed by the ADA's original damage award structure, which provided for remedies against the employing entity only, such as reinstatement and back pay, and not remedies against individuals. Id. Moreover, following the 1991 amendments to the Civil Rights Act, caps were placed on the amount of recoverable damages under Title VII and the ADA based on the number of employees held by an employer, with no similar caps enunciated for individuals. Id. at 1281. Thus, it was implied that individuals were not intended to be held liable under the ADA. Id.

This reasoning has been accepted by district courts within the Third Circuit. See, e.g., McInerney v. Moyer Lumber & Hardware, Inc., 244 F. Supp. 2d 393, 398 (E.D. Pa. 2002)(Noting

-12-

that "a growing number of district courts in this Circuit have concluded that there is no individual liability under the ADA, and this appears to be the consensus view.... The Court is persuaded that these cases rest on sound reasoning, and will follow their lead.")(citing Douris v. Schweiker, 229 F. Supp. 2d 391, 396-98 (E.D. Pa. 2002); Fullman v. Philadelphia Int'l Airport, 49 F. Supp. 2d 434, 440-41 (E.D. Pa. 1999)). The Judiciary Defendants would urge this Court to follow this same reasoning here.

Therefore, because suit under Title I of the ADA is barred against both the Defendant Board, as a State entity, and Defendant McBride in her individual capacity, Count One of Plaintiff's complaint should be dismissed with prejudice for failure to state a claim and for lack of subject-matter jurisdiction.

## POINT IV

**PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED IN THE ABSENCE OF A BASIS FOR SUPPLEMENTAL JURISDICTION**

The balance of Plaintiff's Complaint, a single count alleging violations of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4, relies entirely on State law. As such, the Judiciary Defendants respectfully request that this Count also be dismissed as no basis for supplemental jurisdiction can be shown.

Section 1367(a) of Title 28 of the United States Code, provides that, subject to stated exceptions:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Section 1367(c) provides that the district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if:

> (1) the claim raises a novel issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining

-14-

jurisdiction.

Therefore, while section 1367(a) puts forth the broad scope of pendent jurisdiction, section 1367(c) puts forth those instances where a district court may decline to hear a state claim.  Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995).

Here, in the absence of a claim with which the Plaintiff can anchor her presence in federal court, there is no longer a basis for supplemental jurisdiction under 28 U.S.C. § 1367(a). Alternatively, this Court should decline to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(c)(3), which grants the district courts the discretion to "decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction."  Id. "[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."  Oras v. City of Jersey City, 328 F. App'x 772, 775 (3d Cir. 2009)(quoting Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000)).  All of these considerations weigh in favor of dismissal. Therefore, this Court should decline to exercise its discretion and decline to exercise supplemental jurisdiction over Count Two of Plaintiff's Complaint.

-15-

## CONCLUSION

For the reasons set forth above, it is respectfully requested that this Court dismiss Plaintiff's Complaint with prejudice against the Judicial Defendants.

Respectfully submitted,

PAULA T. DOW
ATTORNEY GENERAL OF NEW JERSEY

By:   /s/ Luanh L. D'Mello

Luanh L. D'Mello
Deputy Attorney General

Dated: 07/19/2011

-17-